**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RANDALL S. WATERS,**

        **Plaintiff,**

        **v.**                             **CASE NO.  24-3049-JWL**

**ROBERT D. NAYLOR,**

        **Defendant.**

**<u>MEMORANDUM AND ORDER TO SHOW CAUSE</u>**

Plaintiff Randall S. Waters is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is provisionally granted leave to proceed in forma pauperis.

**I.  Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is detained at the Seward County Jail ("SCJ") in Liberal, Kansas.

Plaintiff raises the same claims in this case that he raises in Case No. 24-3012, which is still pending in this Court.  Plaintiff asserts that the defendant, Robert Naylor, and Naylor's 13-year-old step-daughter framed Plaintiff because Naylor wanted money from the estate of Plaintiff's mother.  Plaintiff claims that he did not rape the alleged victim (Naylor's step-daughter), but instead she raped him when he was passed out.   He also states that he is handicapped and had not slept for seven days when the rape occurred.  Plaintiff names only Robert D. Naylor as a defendant and does not state what relief he seeks.

**II.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a

complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### A. Failure to State a Claim under § 1983

The Court previously advised Plaintiff in Case No. 24-3012, that Plaintiff's claims against Defendant Naylor are subject to dismissal. *See Waters v. Naylor*, Case No. 24-3012-JWL, Doc. 8 (D. Kan. March 11, 2024). Plaintiff has not shown that Naylor was acting under color of state law

as required under § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff seeks to hold a private actor accountable under § 1983 and does not plead that the defendant acted under color of state law.  Because Plaintiff's complaint fails to sufficiently allege Defendant was acting under color of state law, this Court lacks jurisdiction over the Defendant under § 1983.  *See Whitehead v. Marcantel*, 766 F. App'x 691, 700 (10th Cir. 2019) ("We conclude that the complaint failed to  provide sufficient factual matter to allege that Keefe was a state actor; therefore, the federal courts lack jurisdiction over this claim.").  The Court finds from the face of the Complaint that Plaintiff fails to state a cause of action under § 1983 against Defendant Naylor because this individual is not shown to have been a state actor.  Plaintiff's claims against Naylor, a private citizen,  are subject to dismissal.

### B. *Younger* Abstention

The Court also advised Plaintiff that to the extent he seeks relief related to his criminal case, the Court is prohibited from hearing Plaintiff's claim under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain*

4

*Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Here, the first condition is met because Plaintiff's state criminal proceedings are pending. *See State v. Waters*, Case No. 2021-CR-000478 (Seward County District Court) (filed December 9, 2021) (found not competent to stand trial per June 20, 2023 Order to Commence Involuntary Commitment Proceedings). The second condition for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

**C. Frivolous**

The Court finds that Plaintiff's current case is frivolous. He raises the same claims he raises in Case No. 24-3012, and his Complaint is deficient for the same reasons set forth in the Court's Memorandum and Order to Show Cause entered in that case. *See Waters v. Naylor*, Case No. 24-3012-JWL, Doc. 8 (March 11, 2024 Memorandum and Order to Show Cause).

The Court's duty to dismiss a frivolous action is mandatory under 28 U.S.C. § 1915A.  *See Flute v. Untied States*, 723 F. App'x 599, 603 (10th Cir. 2018) (unpublished) (citing § 1915A(a) and § 1915A(b)(1)).  "A frivolous complaint 'lacks an arguable basis in law or fact.'"  *Robbins v. Cty. of Boulder*, 592 F. App'x 710, 711 (10th Cir. 2014) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  The Court can dismiss a claim as frivolous "based on an indisputably meritless legal theory . . . [or on] factual contentions [that] are clearly baseless."  *Id*. (quoting *Neitzke*, 490 U.S. at 327).  "Thus, a frivolous complaint 'embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.'"  *Id*. (quoting *Neitzke*, 490 U.S. at 325).  "Examples of claims based on inarguable legal theories include those against which the defendants are undeniably immune from suit and those alleging an infringement of a legal interest that clearly does not exist."  *Id*. (quoting *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991)).

"Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *Winkle v. Hammond*, 601 F. App'x 754, 754–55 (10th Cir. 2015) (quoting *McWilliams v. State of Colo.,* 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks and brackets omitted)); *see also Davis v. Bacon*, 234 F. App'x 872, 874 (10th Cir. 2007) (dismissing as frivolous a complaint that "substantially mirrors" a prior complaint that was dismissed).  Plaintiff should show good cause why this action should not be dismissed as frivolous.

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Failure to respond by the deadline may result in dismissal of this matter without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **May 9, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint

should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is provisionally granted, pending receipt of the required financial information (*see* Notice of Deficiency, Doc. 3).

**IT IS SO ORDERED**.

**Dated April 9, 2024, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**