IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDALL S. WATERS,

        **Plaintiff,**

      v.                                                  CASE NO. 24-3049-JWL

ROBERT D. NAYLOR,

        **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is detained at the Seward County Jail in Liberal, Kansas. On April 9, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC"), ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Docs. 5, 6).

Plaintiff raises the same claims in this case that he raised in Case No. 24-3012, which was dismissed on April 16, 2024, for failure to state a claim. Plaintiff asserts that the defendant, Robert Naylor, and Naylor's 13-year-old stepdaughter, framed Plaintiff because Naylor wanted money from the estate of Plaintiff's mother. Plaintiff claims that he did not rape the alleged victim (Naylor's stepdaughter), but instead she raped him when he was passed out. He also states that he is handicapped and had not slept for seven days when the rape occurred. Plaintiff names only Robert D. Naylor as a defendant and does not state what relief he seeks.

The Court held in the MOSC that the Court previously advised Plaintiff in Case No. 24-3012, that Plaintiff's claims against Defendant Naylor are subject to dismissal. *See Waters v. Naylor*, Case No. 24-3012-JWL, Doc. 8 (D. Kan. March 11, 2024). Plaintiff has not shown that Naylor was acting under color of state law as required under § 1983.

1

The Court also advised Plaintiff that to the extent he seeks relief related to his criminal case, the Court is prohibited from hearing Plaintiff's claim under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  Plaintiff's state criminal proceedings are pending.  *See State v. Waters*, Case No. 2021-CR-000478 (Seward County District Court) (filed December 9, 2021) (found not competent to stand trial per June 20, 2023 Order to Commence Involuntary Commitment Proceedings).

The Court also found that Plaintiff's current case is frivolous.  He raises the same claims he raised in Case No. 24-3012, and his Complaint is deficient for the same reasons set forth in the Court's Memorandum and Order to Show Cause entered in that case.  *See Waters v. Naylor*, Case No. 24-3012-JWL, Doc. 8 (March 11, 2024 Memorandum and Order to Show Cause).

The Court's duty to dismiss a frivolous action is mandatory under 28 U.S.C. § 1915A.  *See Flute v. Untied States*, 723 F. App'x 599, 603 (10th Cir. 2018) (unpublished) (citing § 1915A(a) and § 1915A(b)(1)).  "A frivolous complaint 'lacks an arguable basis in law or fact.'"  *Robbins v. Cty. of Boulder*, 592 F. App'x 710, 711 (10th Cir. 2014) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  The Court can dismiss a claim as frivolous "based on an indisputably meritless legal theory . . . [or on] factual contentions [that] are clearly baseless."  *Id*. (quoting *Neitzke*, 490 U.S. at 327).  "Thus, a frivolous complaint 'embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.'"  *Id*. (quoting *Neitzke*, 490 U.S. at 325).  "Examples of claims based on inarguable legal theories include those against which the defendants are undeniably immune from suit and those alleging an infringement of a legal interest that clearly does not exist."  *Id*. (quoting *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991)).

"Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *Winkle v. Hammond*, 601 F. App'x 754, 754–55 (10th Cir. 2015) (quoting *McWilliams v. State of Colo.,* 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation

marks and brackets omitted)); *see also Davis v. Bacon*, 234 F. App'x 872, 874 (10th Cir. 2007) (dismissing as frivolous a complaint that "substantially mirrors" a prior complaint that was dismissed).

In his response, Plaintiff argues about events occurring in 2013. (Doc. 5, at 1.) However, his responses (Docs. 5, 6) fail to address any of the deficiencies set forth in the MOSC. Plaintiff has failed to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** as frivolous.

**IT IS SO ORDERED**.

Dated May 15, 2024, in Kansas City, Kansas.

S/ John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
